28 C.C.P.A.(Patents)

## In re WHITE.
### Patent Appeal No. 4444.

Court of Customs and Patent Appeals.

March 31, 1941.

Comfort S. Butler, of Chicago, Ill., and Earle D. Crammond, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting, for lack of patentability over the cited prior art, claims 7 to 11, inclusive, of appellant's application for a patent. No claims were allowed:

Claim 7 is illustrative and reads as follows:

"7. A closure for sealing packing receptacles, comprising a shell having a top and depending annular skirt, said skirt being formed at its upper end with a shallow restricted annular portion which is of relatively small diameter, and with a substantially non-distensible lower portion which at both its upper and lower limits is of materially larger internal diameter than said restricted portion, said skirt having formed in its lower portion a plurality of circumferentially distributed inwardly projecting substantially rigid embossments which merge at their upper ends into said restricted portion and at their lower ends into said lower portion at a distance above its lower margin and outwardly beyond said restricted portion, and a gasket of plastic sealing material secured in the shell against the top with its periphery alongside said restricted portion of the skirt, said embossments in the skirt being disposed on a radius from its axis such as to permit the mouth of the intended vessel to enter freely into sealing contact with the gasket without any distortion of the shell, and serving to space the lower portion of the skirt outwardly from the mouth of the vessel."

The references cited are:

Bayreuther, 1,390,749, September 13, 1921.

Orr, 1,478,141, December 18, 1923.

Hammer, 1,577,024, March 16, 1926.

Carvalho, 1,703,573, February 26, 1929.

Scofield, 1,882,995, October 18, 1932.

Appellant's disclosure is described in the decision of the Board of Appeals as follows:

"The invention is a closure for use in sealing packing receptacles. Such a receptacle may be the ordinary small circular glass receptacle open at it—upper end. The closure comprises a shell having a top and a depending peripheral skirt. A shallow part of the upper end of the skirt has a restricted annular portion. A gasket is arranged within the shell and engages the top and the restricted annular portion. The skirt is also provided with spaced embossments extending inwardly. These embossments are disposed at such a distance from the axis of the closure that the mouth of the receptacle will freely enter the shell without distorting it. This last named feature is regarded by applicant as being the distinguishing feature over the prior

art. Applicant, in other words, desires a closure which will freely drop into place over the top end of the receptacle and no pressure need be applied to it to force it down over the top end. Thus there will be no distortion of the closure when it is applied. The closure is intended to be held in place by atmospheric pressure due to evacuating the air from the receptacle after it has been packed."

Each of the references discloses a closure which is forced in place upon the receptacle by pressure and is intended to be held in place by frictional contact between the skirt of the closure and side of the receptacle. Also, each of the references shows spaced embossments for engaging the receptacle. Appellant's embossments are not for that purpose, but serve only as guides to center the closure upon the receptacle.

It is appellant's contention that, since the embossments of the references are applied to secure frictional enagagement with the receptacle, distortions in the closure will occur whenever the mouth of the receptacle will not exactly fit the closure, sometimes preventing an air-tight seal, whereas this can not occur in appellant's closure, which has no frictional engagement with the receptacle.

Upon this point the Board of Appeals in its decision stated:

"It is not new to exhaust the air from the receptacle so as to use the vacuum to retain the closure in sealing contact. This is referred to in the Carvalho patent. Hence, the only point involved here is whether it is inventive to space the embossments sufficiently far from the axis of the closure so that there is no frictional engagement of the embossments with the receptacle. When this is done, of course the frictional holding feature is eliminated. Ordinarily it is not inventive to omit a part together with its function. In the present case it is argued that a new result is obtained in that distortion of the closure is eliminated.

" * * * It seems to us that it would be an obvious expedient to space the embossments in the cited patents a sufficient distance from the axis so that the receptacle would freely enter the shell of the closure without distorting it. If the frictional holding feature is not desired in these patents, it can readily be eliminated and vacuum alone relied upon. Any one skilled in the art would readily appreciate that if the receptacle enter freely into the shell, the latter would not be distorted. We are unable to find that applicant has made any patentable advance over the art. * * *"

We are unable to agree with the reasoning of the board above quoted. None of the reference patentees seem to have realized that, if the closure was properly placed upon the receptacle, atmospheric pressure alone could be relied upon to keep the closure in place, there being a partial vacuum in the receptacle. On the contrary, each of them assumed that friction was necessary for a proper and efficient closure, and indeed frictional engagement between the closure and the top of the receptacle was the principal subject matter of all of the references.

With such frictional engagement it was difficult to remove the closure from the receptacle without puncturing or distorting it, whereas appellant's closure is easily removed without distortion, leaving it fit for further use upon the receptacle.

Upon the record before us appellant was the first to conceive that such frictional engagement was not necessary, but was in some cases a detriment to a satisfactory closure. As it was necessary to modify the structure shown in the references to carry out appellant's conception, and it being conceded that several advantageous results flow from the use of appellant's closure, we think the claims are allowable.

For the reasons hereinbefore stated, the decision of the Board of Appeals is reversed.

Reversed.